IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL WILLIAMS, Individually, and as Independent Administrator of the Estate of KING BROWN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, SOO LINE CORPORATION d/b/a CANADIAN PACIFIC, and ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CANADIAN NATIONAL,<br><br>Defendants. | ) | No. 22-cv-1112<br>Honorable Sharon Johnson Coleman<br>Magistrate Judge Sheila Finnegan |

**AGREED HIPAA QUALIFIED PROTECTIVE ORDER**

This matter having come to the Court by Agreement between Plaintiff and Defendant, National Railroad Passenger Corporation, for the Entry of a HIPAA Qualified Protective Order, due notice hereof having been given, and the Court being fully advised in the premises: IT IS HEREBY ORDERED as follows:

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit protected health information (also referred to herein as PHI, including electronically stored and transmitted protected health information" (also referred to as ePHI), pertaining to **KING BROWN** to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, PHI or protected health information shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501 and as amended by Pub L 111-5, 123 State 115 (the HITECH Act). Without limiting the

generality of the foregoing, PHI and ePHI includes, but is not limited to paper or electronically stored and transmitted health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All Acovered entities" (as defined by 45 CFR 160.103 and as amended by Pub L 111-5, 123 State 115, the HITECH Act) are hereby authorized to disclose PHI and/or ePHI pertaining to **KING BROWN** to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI and/or ePHI of **KING BROWN** in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI and/or ePHI received from that defendant pursuant to paragraph 4 of this order shall destroy any and all copies of PHI and/or ePHI pertaining to **KING BROWN** except: 1) the defendant that is no longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining defendants in the litigation, and

persons or entities receiving PHI from those defendants pursuant to paragraph 4 of this order, may retain PHI in their possession.

(6) This order shall not control or limit the use of PHI and/or ePHI pertaining to **KING BROWN** that comes into the possession of any party or any party's attorney from a source other than a covered entity, (as that term is defined in 45 CFR 160.103).

(7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq), the Aids Confidentiality Act (410 ILCS 305/1 et seq.) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

(8) Within sixty (60) days of the closing of the case by the District Court, any party may obtain the return of any PHI received or obtained pursuant to this order and filed under seal with the District Court. Any documents not so withdrawn after that time shall become part of the public case file.

(9) A photocopy of this HIPAA Qualified Protective Order shall be deemed an original for all purposes provided herein.

Date Entered: 6/30/2022

Sheila Finnegan

Honorable Sheila Finnegan

Illinois ARDC# 6282953
Matthias D. Gill
Anderson, Rasor & Partners, LLP
150 South Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 673-7800
matthias.gill@arandpartners.com