## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL WILLIAMS, Individually, and as Independent Administrator of the Estate of KING BROWN, deceased, | ) ) ) | Case No. 22-cv-1112 |
| | ) | |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, ILLINOIS CENTRAL RAILROAD COMPANY, and NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In September 2022, plaintiff Crystal Williams, individually and as independent administrator of the estate of King Brown, sued National Railroad Passenger Corporation, d/b/a Amtrak, Illinois Central Railroad Company, and Northeast Illinois Regional Commuter Railroad Corporation, d/b/a/ Metra ("Metra"), under the Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, and the Survival Act, 755 ILCS 5/27-6. She maintains that defendants' agents' actions caused the death of her son, King Brown, on January 12, 2020. Metra moves to dismiss Williams' first amended complaint under Federal Rule of Civil Procedure Rule 12(b)(6), arguing that the action is barred by the statute of limitations. For the reasons stated below, the Court denies Metra's motion and permits the parties to conduct limited discovery on the issue of equitable tolling [47].

**Background**

The following facts are accepted as true for the purpose of deciding this motion.[1]  On January 11, 2020, King Brown was hit by a train at or near the intersection of Halstead Street and East 151st Street in Cook County, Illinois.  He was pronounced dead at 11:48 p.m. on January 12, 2020.  Williams is Brown's mother.  On or around January 20, 2020, Williams spoke to Special Agent Eric Graf from the Canadian National Police Service and an unknown police officer from the Riverdale Police Department, who informed Williams that Brown was struck and killed by an Amtrak train.  The Riverdale police officer did not inform Williams that a Metra train was involved.  At some later point, Williams again spoke with Special Agent Graf, who did not mention Metra's involvement.

On or around December 9, 2020, Williams made a formal, written request to the Canadian National Police Service, seeking a copy of its incident report and more information regarding Brown's death.  On December 21, 2020, Williams received a letter from the Canadian National Police Service, denying her request for additional information.   Williams filed suit on January 10, 2022 in Illinois state court.  Amtrak removed the case to this Court on March 3, 2022.

Nearly a year and a half later, on June 10, 2022, pursuant to Rule 26(a)(1) disclosure requirements, Amtrak and Illinois Central Railroad Company jointly provided Williams with the Canadian National Police Service's incident report.  This report indicated that a Metra train had struck Brown.  According to Williams, this was the first time that she had any indication that Metra was involved in her son's death.  Williams amended her complaint on September 28, 2022, at which point she named Metra as a defendant.

---

[1] Williams provides an affidavit alongside her response to the motion to dismiss regarding her efforts to determine the proper defendants in this matter.  The Court considers the facts alleged in the affidavit.  *See Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 480 n.2 (7th Cir. 2020).

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Skinner v. Switzer,* 562 U.S. 521, 529–30, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A statute of limitations is an affirmative defense. Fed. R. Civ. P 8(c)(1). Generally, a complaint does not have to anticipate affirmative defenses to survive a motion to dismiss. *Cancer Found, Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step."). An exception exists where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). In making that determination, courts consider "whether there is 'a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense.'" *Robinson v. Office of the Cook Cnty. Recorder of Deeds*, No. 20-cv-2023, 2021 WL 1165100, at *8 (N.D. Ill. Mar. 26, 2021) (Seeger, J.) (quoting *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015)). Unless the complaint alleges facts that establish "an ironclad defense," a limitations argument "must await factual development." *Foss v. Bear, Sterns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005)).

**Discussion**

Metra moves to dismiss Williams' complaint as untimely because she filed her claims after the relevant statute of limitations expired.[2]  It is undisputed that the state law personal injury claims against Metra are subject to a one-year statute of limitations under the Regional Transportation Authority Act.  70 ILCS 3615/5.03; *Copes v. N.E. Ill. Regional Commuter R.R. Corp.*, 45 N.E.3d 1123, 1132, 399 Ill. Dec. 133, 142 (1st Dist. 2015).  Williams filed the original action on January 11, 2022 and named Metra as a defendant on September 28, 2022.  In either event, these dates are time-barred under the statute of limitations, assuming the period began to toll upon Brown's death.

In response, Williams argues that the claims are nevertheless actionable because, under the discovery rule, her cause of action began on June 10, 2022, when she discovered that Metra was allegedly responsible for the crash.  In the alternative, Williams argues that because she was unable to obtain information about Metra's involvements through no fault of her own, her claims are subject to equitable tolling.  The Court considers each argument in turn.

Illinois courts recognize a "discovery rule," which "postpone[s] the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Hollander*, 457 F.3d at 692 (quoting *Golla v. Gen. Motors Corp.*, 167 Ill. 2d 353, 361, 657 N.E. 2d 894, 898, 212 Ill. Dec 549, 553 (1995)).  "Illinois courts distinguish between injuries caused by sudden, traumatic events and those that have a late or 'insidious' onset." *Hollander*, 457 F.3d at 692 (internal citation omitted).  For sudden, traumatic events, the cause of action accrues on the event's date, because the "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id.* (internal citation omitted).

---

[2] Neither party disputes that Illinois law governs this case. The Court agrees and applies Illinois substantive law. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006).

This Court finds that because Williams' son was hit and killed by a train, a sudden and traumatic event, this event triggered the statute of limitations accrual date. Williams has pointed to no case law suggesting why this principle should not apply in this case, or where discovery of the defendant's identity was the controlling factor. The Court has not found such a case, and instead discovered the opposite. *See Wells v. Travis*, 284 Ill. App. 3d 282, 287, 672 N.E.2d 789, 793, 219 Ill. Dec. 936, 940 (2d Dist. 1996) ("The essence of plaintiff's position is that a person is not charged with knowledge sufficient to trigger the running of the limitations period as to any particular defendant until the person knows or reasonably should know that the injury was wrongfully caused by the negligence *of that defendant*. The supreme court has expressly disavowed any such interpretation of the discovery rule." (emphasis in the original)). As a result, the Court finds the discovery rule does not apply to Williams' claims against Metra.

Williams' arguments are stronger as to equitable tolling. As another court in this district has recognized, under Illinois law, equitable tolling "may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Richardson v. City of Chicago*, 314 F. Supp. 3d 999, 1010–11 (N.D. Ill. 2018) (Dow, J.) (citing Illinois state cases). "Extraordinary barriers include . . . 'an irredeemable lack of information' and 'situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence.'" *Id.* at 1011. (internal citations omitted). This inquiry is fact-specific and "guided by reference to the hypothetical reasonable person." *Id.* (internal citations omitted).

To suggest Williams was not diligent, Metra points to Williams' delay in contacting the Canadian National Service and the alternative efforts she did *not* make to determine the proper defendants in the case. Yet, Williams averred that she was told her son was hit by an Amtrak train and that the Canadian National Service denied her request for more information. She did not learn

of Metra's involvement until defendants provided her a copy of that report in June 2022. Williams has thus demonstrated that equitable tolling may be appropriate, as it appears she was denied information as to the proper defendants despite her attempts. The question remains whether Williams meets the high standard required for equitable tolling. But, reviewing the parties' arguments in light of the standard required for a motion to dismiss, the Court finds that a conceivable set of facts exists through which equitable tolling may be appropriate. The Court thus denies Metra's motion and will permit limited discovery solely on the issue of whether the equitable tolling doctrine applies to Williams' claims against Metra.

**Conclusion**

For the foregoing reasons, the Court denies Metra's motion to dismiss. The Court refers the matter to Magistrate Judge Finnegan to conduct discovery supervision on the narrow issue of whether the equitable tolling doctrine applies.

       IT IS SO ORDERED.

Date: 9/29/2023

Entered:_____

SHARON JOHNSON COLEMAN
United States District Judge

6